

# NUMBER 13-23-00263-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

JACQUELINE SIMS,                                                    Appellant,

v.

H-E-B, LP,                                                          Appellee.

---

### On appeal from the 329th District Court
### of Wharton County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Tijerina, Silva, and Peña
Memorandum Opinion by Justice Peña**

This matter is before the Court on appellant's opposed motion for extension of time to file the clerk's record and the reporter's record. On June 16, 2023, appellant, Jacqueline Sims attempted to appeal the trial court's order granting H-E-B, LP's

no-evidence motion for summary judgment in this case. Upon review of the documents before the Court, it appeared that the order from which this appeal was taken was not a final appealable order. "[A]n order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). H-E-B, LP and H.E.B., Inc. are each listed as defendants in the underlying cause, but the trial court's order only granted summary judgment and dismissed H-E-B, LP. There are no documents before the Court which resolve claims against defendant H.E.B., Inc.

Furthermore, on July 28, 2023, the Clerk of the Court notified appellant of this defect and that if the defect was not corrected within ten days, the appeal would be dismissed. *See* Tex. R. App. P. 42.3(b), (c). Appellant failed to correct the defect and instead filed a motion for extension of time to file the appellate record. The motion in no way indicates the purpose of the delay is to establish jurisdiction. Additionally, the district court clerk's office confirmed with the Clerk of the Court that they did not have any document demonstrating resolution of claims made against the remaining defendant, H.E.B., Inc.

Absent an appealable interlocutory order or final judgment, this Court has no jurisdiction over this appeal. *See Ogletree v. Matthews*, 262 S.W.3d 316, 319 n. 1 (Tex. 2007); *Lehmann*, 39 S.W.3d at 195. The Court, having considered the documents on file and appellant's failure to correct the defect, is of the opinion that the appeal should be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). Accordingly, the appeal is

2

dismissed for want of jurisdiction. *See id*. R. 42.3(a), (c). Appellant's motion for extension

of time to file the record is also dismissed for want of jurisdiction.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
31st day of August, 2023.

3